UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-CV-61158 – Seitz/O'Sullivan

ALBERT NAPIER and JANE NAPIER,
as the Co-Personal Representatives
of the ESTATE OF ALESHIA NAPIER,
on behalf of the Estate, and on behalf
of her Survivors, Albert Napier and Jane Napier,

      Plaintiffs,

v.

FLORIDA DEPARTMENT OF CORRECTIONS, *et al.*,

      Defendants.
_____/

## ORDER DENYING DEFENDANTS' PRISON HEALTH SERVICES AND FLORIDA DEPARTMENT OF CORRECTION MOTION TO DISMISS

This matter is before the Court on Defendants' Prison Health Services and the Florida Department of Corrections Motion to Dismiss First Amended Complaint [DE-20]. This action arises from the suicide of a woman, Aleshia Napier, while incarcerated at Broward Correctional Institution and is brought by the co-personal representative of her estate. The Amended Complaint states two claims against the Florida Department of Corrections: (1) wrongful death under Florida Statute, sections 768.16-768.27 (Count 1); and (2) negligent retention (Count 6). The Amended Complaint also alleges a wrongful death claim against Defendant Prison Health Services (PHS) (Count 2). The remaining claims, Counts 3 through 5, in the Amended Complaint are against the other Defendants, namely MHM Correctional Services, Inc. and Dr. Alejandro Urritia. For the reasons set forth below, the Motion to Dismiss is denied.

**Facts**

Plaintiffs are the co-personal representatives of the Estate of Aleshia Napier and are also the parents of the decedent. At all relevant times, Aleshia Napier was confined at the Broward Correctional Institution, which is owned and operated by Defendant the Florida Department of Corrections (FDOC). On October 31, 2006, Aleshia Napier was found dead in her cell at the Broward Correctional Institution as the result of suicide.

Defendant Prison Health Services (PHS) is an agent, by contract, of FDOC and was responsible for providing comprehensive and medically necessary medical, dental, mental health, and pharmaceutical services to all inmates in Region IV of the FDOC, which included Broward Correctional Institution. PHS subcontracted with Defendant MHM Correctional Services, Inc. (MHM) to provide and manage all mental health services to all inmates in Region IV of the FDOC. MHM employed Dr. Alejandro Urrutia as a psychiatrist who was responsible for patient mental health care at Broward Correctional Institution.

The Amended Complaint alleges that Aleshia Napier had a history of suicide attempts and other mental health problems. After a suicide attempt, while incarcerated at Lowell Correctional Institution, Aleshia was transferred to the Crisis Stabilization Unit at Broward Correctional Institution on September 15, 2006. Three days after her transfer Defendant Urrutia discharged Aleshia from the Crisis Stabilization Unit and took her off suicide watch. Hours after her discharge from the Crisis Stabilization Unit, Aleshia was again placed on Suicide Observation Status and was placed in an Isolation Management Room. Four days later, Defendant Urrutia ordered that Aleshia be taken off Suicide Observation Status and be sent back to solitary confinement. Such back and forth occurred at least four more times. Ultimately, on

October 31, 2006, Aleshia was found dead by prison staff in her solitary confinement cell having hung herself with a sheet.

The Motion to Dismiss seeks to dismiss the claims in the Amended Complaint against FDOC and PHS for failure to allege compliance with conditions precedent. The Motion also seeks to dismiss the wrongful death claim against PHS based on immunity as the agent of FDOC, the wrongful death claim against FDOC based on sovereign immunity, and the negligent hiring and retention claim against FDOC based on sovereign immunity and the failure to plead direct negligence against FDOC. In a footnote to their Motion, FDOC and PHS seek to have the Motion treated as a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 12(d), because they have attached to the Motion a copy of the contract between PHS and FDOC.

**Analysis**

**A.    Legal Standard for 12(b)(6) Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint and provides that a party may move the Court to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995). Such a motion does not decide whether the plaintiff will ultimately prevail on the merits, but instead whether such plaintiff has properly stated a claim and should therefore be permitted to offer evidence in support thereof. *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995). To survive a motion to dismiss, a complaint must contain allegations addressed to each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001). This material can be either direct or inferential, *see id.* at

683, but it must be factual. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *see also Roe*, 253 F.3d at 683. Thus, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Twombly*, 127 S. Ct. at 1965. Pleadings that "are no more than conclusions, are not entitled to the assumption of truth[;] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Finally, when a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

## B. The Court Will Not Convert the Motion to Dismiss to a Motion for Summary Judgment

Despite FDOC and PHS's argument that the Court must convert this motion into a motion for summary judgment, the Court declines to do so. First, Federal Rule of Civil Procedure 12(d) does not require the Court to convert the motion to one for summary judgment. It only requires conversion if the Court considers matters outside the pleadings and that are not public records. Fed. R. Civ P. 12(d); *Universal Express, Inc. v. S.E.C.*, 177 Fed. App'x 52, 53 (11th Cir. 2006). Second, in order to convert the motion to dismiss to a motion for summary judgment, all parties must be given an opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d). Plaintiffs have not been given such an opportunity. Third, Plaintiffs have not had an opportunity to conduct any discovery. Lastly, on a motion to dismiss, a court may consider the documents referenced in the complaint, without converting the motion to one for summary judgment. *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). The Amended Complaint references the contract between FDOC and PHS. Consequently, the Court need not and will not treat the Motion to Dismiss as a motion

for summary judgment.

### C. Plaintiffs Have Adequately Pled Compliance With Conditions Precedent

FDOC and PHS move to dismiss the Amended Complaint because it does not specifically allege that Plaintiffs have complied with the notice requirements of Florida Statutes, sections 768.28(6) and 766.106(2)(a). The Amended Complaint states "Plaintiffs have complied with all applicable pre-suit screening provisions of Section 766.106, Florida Statutes, and the pre-suit notice provisions of Section 768.28. Florida Statutes." FDOC and PHS, without any authority that actually supports their proposition, argue that such a general averment by Plaintiffs is insufficient. While Plaintiffs must plead compliance with section 768.28(6)(a), this requirement is met with a general averment. *Wagatha v. City of Satellite Beach*, 865 So. 2d 620, 622 (Fla. 5th DCA 2004). Further, nothing in section 766.106 requires that a plaintiff plead compliance with specificity and FDOC and PHS have not cited any law that requires specificity in pleading compliance. Therefore, Plaintiffs have adequately pled compliance with sections 768.28(6) and 766.106, Florida Statutes.

### D. Plaintiffs Have Adequately Pled Willful and Wanton Conduct by PHS

PHS seeks to dismiss the wrongful death claim against it on the grounds that it has immunity from suit as a statutory agent of FDOC. The contract between PHS and FDOC states that PHS is an agent of the State. *See* DE-20-2, p. 100. Neither party disputes that PHS is an agent of the state and, as such, is covered by Florida Statutes, section 768.28(9)(a), which states:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

5

PHS argues that under this section it is immune from suit. It further asserts that Plaintiffs' allegations that it acted with "bad faith, malicious purpose and/or in a manner exhibiting wanton and willful disregard of human rights, safety, or property" are conclusions unsupported by facts and therefore do not save the claim from dismissal.

In response, Plaintiffs point to specific allegations in the Amended Complaint that allege that PHS owed a duty of care to Aleshia Napier and the other inmates of Broward Correctional Institution, that PHS received reports that made it aware that female inmates at Broward Correctional Institution were not receiving minimally adequate mental health care, that PHS's actions or omissions were made consciously and voluntarily, and thus it was reasonably foreseeable that Aleshia Napier would be harmed. Based on these allegations, Plaintiffs argue that they have adequately pled a cause of action against PHS based on willful and wanton conduct. PHS argues that these allegations do not rise to the level of willful and wanton and thus, Plaintiffs' claim should be dismissed.

As set out above, for purposes of a motion to dismiss the Court must view the facts in the light most favorable to the non-moving party. Given this standard, Plaintiffs have adequately alleged facts that PHS acted willfully and wantonly because it knew that inmates were not receiving adequate medical care and that it was reasonably foreseeable that harm would result. Consequently, PHS's Motion to Dismiss Count II of the Amended Complaint is denied.

### E. Plaintiffs Have Pled A Claim for Wrongful Death Against FDOC

FDOC moves to dismiss the wrongful death claim against it based on sovereign immunity. FDOC asserts that it cannot be sued for direct negligence; it can only be sued for the actions of agents or employees. FDOC argues that neither MHM or Dr. Urrutia were agents or

6

employees of FDOC and that Plaintiffs have not pled negligence by any employee or agent of FDOC.

While Plaintiffs do not allege the names of the FDOC employees involved in their claim, they do allege that FDOC conducted regular audits of PHS and received reports regarding the conditions at Broward Correctional Institution. Further, Plaintiffs allege that FDOC had a duty to use reasonable care to ensure inmates' well-being, that it was aware that inmates were not receiving minimally adequate mental health care, and its actions or inactions made it reasonably foreseeable that an inmate would be harmed. FDOC asserts that such pleading is simply conclusory allegations without factual support. Accordingly, FDOC asserts that the claim should be dismissed. While Plaintiffs' allegations are not particularly specific, taking them in the light most favorable to Plaintiffs, Plaintiffs have stated a negligence cause of action against FDOC. Furthermore, the specifics sought by FDOC appear to be information that would only be available to Plaintiffs during discovery.

**F. Plaintiffs' Claim for Negligent Retention Should Not Be Dismissed at this Stage of the Proceedings**

Last, FDOC seeks to dismiss the negligent retention claim against it because it is immune from suit for discretionary, planning-level actions. *See Commercial Carrier Corp. v. Indian River County*, 371 So. 2d 1010, 1020 (Fla. 1979). In *Commercial Carrier*, the Florida Supreme Court set out a four part test for determining whether a government action is discretionary, and thus entitled to sovereign immunity:

> (1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of

basic policy evaluation, judgment, and expertise on the part of the governmental agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision? If these preliminary questions can be clearly and unequivocally answered in the affirmative, then the challenged act, omission, or decision can, with a reasonable degree of assurance, be classified as a discretionary governmental process and nontortious, regardless of its unwisdom. If, however, one or more of the questions call for or suggest a negative answer, then further inquiry may well become necessary, depending upon the facts and circumstances involved.

*Id.* at 1019. FDOC argues that all four questions must be answered affirmatively in this case. Thus, FDOC is immune from a negligent retention claim based on its retention of PHS. However, it is not clear that the answer to question 2, above, is clearly yes. While the decision to hire and retain an outside healthcare provider may be involve a basic government policy or program, it is not clear that the decision to hire and retain this particular healthcare provider is essential to the realization or accomplishment of the governmental policy or program. Thus, all four of the questions cannot clearly be answered in the affirmative.

FDOC also relies on *Storm v. Town of Ponce Inlet,* 866 So. 2d 713, 719 (Fla. 5th DCA 2004), which held that the decision to retain a top head of an agency by a governmental executive is clearly discretionary and thus entitled to immunity. Plaintiffs, on the other hand, point to several Florida court decisions that have recognized claims of negligent retention against governmental entities and have not dismissed the claims on grounds of sovereign immunity. However, the cases relied on by Plaintiffs involve the retention of low level employees. *See Slonin v. City of West Palm Beach,* 896 So. 2d 882 (Fla. 4th DCA 2005) (retention of city code inspector); *Dickinson v. Gonzalez,* 839 So. 2d 709 (Fla. 3d DCA 2003) (retention of state trooper); *Willis v. Dade County School Board,* 411 So. 2d 245 (Fla. 3d DCA 1982) (retention of school teacher).

In *Horn v. Volusia County*, 2008 WL 977179, *4 (M.D. Fla. 2008), the court noted that determining whether an action is discretionary or operational under the *Commercial Carrier* test is necessarily fact intensive. While FDOC argues that the decision to hire PHS was "obviously made at the highest levels of government" and not "by a supervisor in a single department who hired an employee," the Court has no information as to how the decision was actually made to hire or retain PHS. Thus, the Court does not have the facts necessary to make the determination as to whether the decision to retain PHS was a discretionary decision which would immunize FDOC from suit. Nor does the answer to all of the questions in the *Commercial Carrier* test appear to be yes. Therefore, at this stage of the proceedings, the negligent retention claim should not be dismissed.

Accordingly, it is hereby

ORDERED that the Defendants' Prison Health Services and the Florida Department of Corrections Motion to Dismiss First Amended Complaint [DE-20] is DENIED.

DONE and ORDERED in Miami, Florida, this 16th day of June, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record