**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 09-61158-SEITZ/O'SULLIVAN**

**ALBERT NAPIER and JANE NAPIER,**
**as the Co-Personal Representatives**
**of the ESTATE OF ALESHIA NAPIER,**
**on behalf of her survivors, Albert**
**and Jane Napier,**
                    **Plaintiffs,**

**v.**

**FLORIDA DEPARTMENT OF**
**CORRECTIONS, an Agency of the State**
**of Florida, PRISON HEALTH SERVICES,**
**INC., a Tennessee Corporation, registered**
**in and doing business in the State of Florida,**
**MHM CORRECTIONAL SERVICES, INC. a**
**Virginia Corporation, registered in and doing**
**business in the State of Florida, and**
**ALEJANDRO URRUTIA,**
                    **Defendants.**
_____ )

## ORDER

This matter is before the Court on the Memorandum of Law in Support of Objection to

Discovery Request Seeking Privileged Documents (DE # 83, 3/4/11) and the Defendants Prison

Health Services, Inc. and the Florida Department of Corrections' Memorandum Regarding

Mortality Review (DE # 84, 3/4/11).  Having reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that the subject document shall be disclosed to the

plaintiffs.  "Federal law recognizes no privilege of peer review in the context of a case involving

the death of a prisoner."  Agster v. Maricopa County, 422 F.3d 836, 837 (9th Cir. 2005).  Also,

"there is no Eleventh Circuit or Supreme Court precedent recognizing a federal medical peer

review privilege".  Jenkins v. Dekalb County, 242 F.R.D. 652, 658-59 (N.D. GA 2007).

Moreover, "[i]t appears that every United States Court of Appeals that has addressed the issue

of whether there is a federal medical peer review privilege has rejected the claim."  Id. at 659.

In the 2007 Eleventh Circuit Court case of Adkins v. Christie, 488 F.3d 1324 (11th Cir. 2007), the

Court declined "to recognize a privilege for documents relating to medical peer review proceedings in federal discrimination cases."  Id, at 1326.  In Adkins, the Court found that "[t]he 'public good' concerns advanced by the defendants may capably be served in the absence of a medical peer review privilege."  Id, at 1329-30.

In addition, the subject document does not qualify as work product because it was prepared in the ordinary course of business.  There can be no attorney client privilege claim because there is no evidence that the document was made for the purpose of obtaining legal advice.

DONE AND ORDERED in Miami, Florida this 24th day of March, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
**The Honorable Judge Seitz**
**All Counsel of Record**